PAUL D. SUPNIK [SBN 52842]
Email: paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: 310-859-0100
Facsimile: 310-388-5645
Attorney for Defendant
ASHFORD TEXTILES, LLC

BRADLEY C. ARNOLD [SBN 211996]
Email: brad@bradarnold.com
LAW OFFICES OF BRADLEY C. ARNOLD
668 South Coast Highway, Suite 156
Laguna Beach, CA 92651
Telephone: 949-715-9603
Facsimile: 949-209-2019

Attorneys for Defendant
ASHFORD TEXTILES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT KAUFMAN CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASHFORD TEXTILES, LLC, et al. <br><br> Defendants, | Case No. CV 13-00156-BRO(CWx) <br><br> **PROTECTIVE ORDER** <br><br><br> **Trial Date: None set** <br> **Place:  Courtroom 640** <br><br> **Magistrate Judge Carla Woehrle** |

Pursuant to the Parties' Stipulation re Entry of Protective Order, and good cause appearing therefore, it is hereby ORDERED that all parties to this action and their counsel comply with the following protective order:

1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

## A. STATEMENT OF GOOD CAUSE

Plaintiff Robert Kaufman, Co., Inc. is in the business of creating and manufacturing fabric. Defendant is an importer and distributor of fabric goods. Plaintiff claims infringement of its copyright in a chili pepper pattern by kitchen goods distributed by defendant Ashford Textiles, LLC.

The Parties submit that there is good cause to preserve the confidentiality of this information at the pretrial discovery phase, since, at this pretrial discovery phase of the proceedings, their interest in preserving confidentiality substantially outweighs the public's interest in access to the information. The Court reserves judgment as to whether there is good cause or compelling reason to preserve the confidentiality of this information at the summary judgment and trial phases of these proceedings.

## B. DEFINITIONS AND GENERAL PROVISIONS

1. <u>Designated Materials</u>: Any information or documents disclosed by a Party during discovery, which are designated "Confidential" or "Highly Confidential" by the producing Party.

2. <u>Highly Confidential Materials</u>: Any information or documents disclosed by a Party during discovery, which are designated "Highly Confidential" by the producing Party. The following materials may be designated as "Highly Confidential":

    a.    Documents that identify customers and retailers of the parties' products, invoices that identify a customer, purchase orders that identify a customer, shipping documents that identify a customer, and other materials that disclose the identity of customers or their contact information.

    b.    Materials that disclose non-public financial information of the producing Parties or of third parties, such as sales figures, advertising expenditures, profits and losses.

    c.    Materials that disclose the producing Party's written business plans or written marketing plans.

    d.    Any other information or documents which, if disclosed, would reveal significant technical or business advantages of the producing or designating Party.

3. <u>Confidential Materials</u>: Any information or documents disclosed by a Party during discovery, which are designated "Confidential" by the producing Party. The following materials may be designated as "Confidential":

    a.    Any materials that may be designated "Highly Confidential" under Section B(2) may also be designated "Confidential" at the option of the producing or disclosing Party.

    b.    Distribution agreements, confidentiality agreements, and other contracts or agreements to which the producing Party is a party.

    c.    Correspondence between Parties and their actual or potential distributors or customers.

    d.    Any materials not included in Sections B(3)(a) through B(3)(d) which constitute trade secrets as defined in California Civil Code § 3426.1.

4. <u>Non- Confidential Materials</u>:  Information and documents may not be designated "Confidential" or "Highly Confidential" if they:

    a.    Are in the public domain at the time of disclosure, as evidenced by written documents;

    b.    Enter the public domain through no fault of the Party to whom the information or documents are disclosed, as evidenced by written documents;

  c. Are, at the time of disclosure, already within the rightful and lawful possession of the Party to whom the information or documents are disclosed, as evidenced by written documents; or

  d. Are later lawfully received from a third party who has the legal right to make the disclosure.

5. <u>Parties</u>: ROBERT KAUFMAN CO., INC., ASHFORD TEXTILES, LLC, any additional persons joined as counter-plaintiffs or counter-defendants, and their management employees, business partners or agents (excluding Attorneys).

6. <u>Attorneys</u>: The attorneys of record for the Parties and their firms and staff and any paralegals or support staff working under their direction.

7. <u>Consultants</u>: Any experts or consultants who are not Parties, who are retained by a Party for the purpose of this proceeding, and who are not employees of the Parties or their Attorneys, and any insurance adjusters of the parties.

**C. TREATMENT OF DESIGNATED MATERIALS**

1. Absent further Order of the Court, Confidential Materials may be disclosed only to Parties, designated Party representatives, Attorneys, Consultants and the Court/Court personnel. The disclosure of such information or documents to Consultants is governed by Section C(6).

2. Absent further Order of the Court, Highly Confidential Materials may be disclosed only to Attorneys, Consultants and the Court/Court personnel. The disclosure of such information or documents to Consultants is governed by Section C(6). Highly Confidential Materials may not be disclosed to Parties without the prior written approval of the attorney of record for the producing or disclosing Party.

3. To designate a document "Confidential" or "Highly Confidential", the Attorney representing the producing or disclosing Party must conspicuously mark the document with the words "Confidential" or "Highly Confidential". Any document prepared by any Party, expert, consultant or other person wherein the

prepared document summarizes, discusses or otherwise discloses any information obtained from a document designated as "Confidential" or "Highly Confidential" shall itself be marked with the words "Confidential" or "Highly Confidential" at the time each such document is prepared.

4. During a deposition, persons other than Attorneys, court reporters and the deponent may not be present during any portion of the deposition that involves the disclosure of Highly Confidential Materials. Persons other than Attorneys, Parties, designated Party representatives, court reporters and the deponent may not be present during portions of the deposition that involve the disclosure of Confidential Materials.

5. The transcript of each deposition will be treated as "Highly Confidential" for 10 days after it is received by the Attorney representing the deponent. After this period, the Attorney representing the deponent may designate specific portions of the transcript "Highly Confidential" or "Confidential" by notifying the Attorneys representing each other Party in writing of the particular pages and lines of the transcript to which the designation applies.

6. Before disclosing Designated Materials to a Consultant, the Attorney wishing to make the disclosure must provide the Consultant with a copy of this Protective Order and the acknowledgement form attached as Exhibit A. The Consultant must sign the acknowledgement form, which must be retained by the Attorney. The Attorney must make the signed acknowledgement form available to opposing counsel for inspection and copying upon request.

7. Designated Materials may only be used in the prosecution, defense or settlement of this case. The recipient of any Designated Materials must exercise reasonable care in handling, storing, using or disseminating the information. However, nothing in this Protective Order restricts the use by any Party of its own Designated Materials.

8. If discovery is taken from a third party, the third party may request

that its Designated Materials be disclosed subject to this Protective Order. To enjoy the benefits of this Protective Order, the third party or its attorney must notify the Attorneys for the Parties that it has received a copy of the Protective Order and agrees in writing to be bound by its terms.

9. A Party seeking to file Designated Materials or documents that disclose Designated Materials with the Court must request that the documents be filed under seal pursuant to L.R. 79-5.1.

10. A Party may file a motion with the Court at any time, challenging the propriety of the designation of Designated Materials utilizing the procedures set forth in L.R. 37-1 et seq.

11. Each Party that has received Designated Materials will promptly return the materials and any copies of the materials to the producing Party after the final termination of this case. Alternately, the producing Party may destroy the documents.

12. Nothing herein shall be construed as preventing plaintiff Robert Kaufman Company, Inc., from publicly naming any prospective defendant in a motion to amend the pleadings or in an amended complaint, nor shall the identity of any prospective defendant who has obtained the chili pepper pattern directly or indirectly from Ashford Textiles and who has thereafter publicly sold or distributed the pattern be deemed confidential.

13. Nothing herein shall be deemed to preclude or prevent the exhibition, presentation, or introduction as evidence, of any information to the Court or to a jury.

14. In the event that defendant Ashford has sold the chili pepper pattern to a customer of plaintiff Robert Kaufman Company, the information concerning the defendants sale to said customer shall not be deemed confidential as between the

//
//

6

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  parties, or their consultants, but may be sealed upon motion of a party in order to
2  protect the confidentiality of the information as to outside parties.
3
4  IT IS SO ORDERED.
5
6
7  Dated: June 3, 2013          By: _____
                                        United States Magistrate Judge
8

7

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT KAUFMAN CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASHFORD TEXTILES, LLC, et al. <br><br> Defendants, | Case No. CV 13-00156-BRO(CWx) <br><br> **Hon. Carla Woerhle** |

By signing this document, I certify that I have read and understand the Protective Order in this case and agree to be bound by its terms. I understand that if I violate the terms of the Protective Order, I may be subject to penalties, including penalties for contempt of Court. I consent to personal and subject matter jurisdiction over me by the Court for the purpose of enforcing my agreement here.

Dated: _____   By: _____

Printed Name:_____

Position:_____

Company:_____

Name:_____

Address:_____

Telephone:_____

Fax: _____

E-mail:_____

8

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28